Lawrence J. Hilton (State Bar No. 156524) lhilton@oneil-llp.com
Jennifer Sun (State Bar No. 238942) jsun@oneil-llp.com
O'NEIL LLP
19900 MacArthur Boulevard, Suite 1050
Irvine, California 92612

12cv2715
Judge Milton I. Shadur
Magistrate Sheila M. Finnegan

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| STRIKEPOINT TRADING, LLC, ET AL. | CASE No. |
|---|---|
| Plaintiff(s) | CV SA CV 07-1073-DOC(MLGx) |
| v. | |
| AIMEE ELIZABETH SABOLYK, ET AL. | **CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT** |
| Defendant(s) | |

I _____Terry Nafisi_____, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on August 29, 2011
                                                                                                                                            Date
as it appears in the record of this court, and that* *(see below)*

Any motions of the kind listed in Rule 4(a) of the Rules of Appellate Procedure were disposed of, the latest order disposing of such motions having been entered on November 21, 2011. A notice of appeal from this judgment has been filed, but on January 10, 2012, an order was entered denying judgment debtor's motion to stay execution of the judgment and granting judgment creditor's motion to permit registration of the judgment in the Northern District of Illinois.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on _____FEB 1 3 2012_____
                                                                                                                                            Date

**FILED**
APR 1 3 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**TERRY NAFISI**
CLERK, U.S. DISTRICT COURT

By: _____AMY DeAVILA_____
                Deputy Clerk

---

\* Insert the appropriate language:

"No notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed."

"No notice of appeal from this judgment has been filed, any motions of the kind s listed in Rule 4(a) of the Rules of Appellate Procedure [*] have been disposed of, the latest order disposing of such a motion having been entered on [date]."

"An appeal was taken from this judgment and this judgment was affirmed by mandate of the Court of Appeals issued on [date]."

"An appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

[NOTE: The motions listed in Rule 4(a), Federal Rules of Appellate Procedure are: judgment not withstanding the verdict; amend or make additional findings of fact; alter or amend the judgment; new trial; and extension of time for filing a notice of appeal.]

---

CV-101 (03/10)    CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT

LAWRENCE J. HILTON (STATE BAR NO. 156524)
(lhilton@oneil-llp.com)
WILLIAM E. HALLE (STATE BAR NO. 150686)
JENNIFER SUN (STATE BAR NO. 238942)
O'NEIL LLP
19900 MacArthur Boulevard, Suite 1050
Irvine, California 92612
Telephone: (949) 798-0500
Facsimile: (949) 798-0511

Attorneys for Plaintiffs
STRIKEPOINT TRADING, LLC and
OPTIONEER, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| STRIKEPOINT TRADING, LLC, a California limited liability company; and OPTIONEER, LLC, a Nevada limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>AIMEE ELIZABETH SABOLYK, an individual dba INNOVATIVE OPTION STRATEGIES, and GLOBAL ASSET ADVISORS, LLC an Illinois limited liability company, and JOHN MATTHEW MONDRAGON, an individual,<br><br>Defendants | Case No. SACV07-1073 DOC (MLGx)<br><br>**JUDGMENT ON SPECIAL VERDICT AFTER JURY TRIAL**<br><br>Hon. David O. Carter |

The above-captioned action came on regularly for trial between March 10 and March 13, 2009, before a jury, the Honorable David O. Carter presiding. Plaintiff StrikePoint Trading, LLC ("Plaintiff") appeared by and through its counsel of record, Lawrence J. Hilton, William E. Halle and Jennifer Sun of O'Neil LLP, formerly Hewitt & O'Neil LLP. Defendants Aimee Elizabeth Sabolyk ("Sabolyk") and Global Asset Advisors, LLC ("GAA") appeared through their counsel of record, Jeffrey A. Sklar of the Law Office of Jeffrey A. Sklar. Defendant John Matthew

#101544 v1

1 Mondragon ("Mondragon") appeared through his counsel of record, Timothy B.
2 McCaffrey, Jr. of The Law Offices of Timothy B. McCaffrey, Jr.
3     A jury was regularly impaneled and sworn. Witnesses were called, sworn and
4 testified. After hearing the evidence and argument of counsel, the jury was duly
5 instructed by the Court and the cause was submitted to the jury with directions to
6 return a verdict on special issues. The jury deliberated and thereafter returned into
7 court with its verdict as follows:

I. **On Plaintiff's cause of action for breach of contract against Sabolyk and Mondragon:**

    1.    Is StrikePoint Trading, LLC's client list a trade secret?

        __X__ Yes _____ No

If your answer to question 1 is YES, then answer question 2. If you answered NO, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

    2.    Were the contracts that Aimee Sabolyk and John Mondragon entered into with StrikePoint Trading, LLC necessary to protect that trade secret?

        __X__ Yes _____ No

If your answer to question 2 is YES, then answer question 3. If you answered NO, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

3. Did StrikePoint do all, or substantially all, of the significant things that the contract required it to do?

__X__ Yes _____ No

If your answer to question 3 is YES, then answer question 4. If you answered NO, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

4. Did Aimee Sabolyk or John Mondragon breach the contract by directly or indirectly soliciting StrikePoint Trading LLC's trade secret clients?

Aimee Sabolyk      __X__ Yes _____ No
John Mondragon     _____ Yes __X__ No

If your answer to question 4 is NO for both defendants, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

If you answered NO for one defendant, but YES for the other, then proceed to question 5 only as to that defendant for which you answered YES.

If you answered YES for both defendants, then answer question 5 as to both defendants.

5. Was StrikePoint Trading, LLC harmed by that breach?

Aimee Sabolyk      __X__ Yes _____ No
John Mondragon     _____ Yes _____ No

If your answer to question 5 is NO for both defendants, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

If you answered NO for one defendant, but YES for the other, then proceed to question 6 only as to that defendant for which you answered YES.

If you answered YES for both defendants, then answer question 6 as to both defendants.

5. What are StrikePoint Trading, LLC's damages?

<u>Aimee Sabolyk</u>

    a. Lost profits:

$93,000.00

    b. Lost future profits:

$9,300.00

TOTAL $102,300.00

<u>John Mondragon</u>

    a. Lost profits:

$0

    b. Lost future profits:

$0

TOTAL $0

Dated: March 16, 2009

*Redacted signature on file with the Court*
Presiding Juror

II. **On Plaintiff's cause of action for misappropriation of trade secrets against Sabolyk, Mondragon and GAA:**

1. Does StrikePoint Trading, LLC own the client list?
   __X__ Yes _____ No

If you answered YES to question 1, then answer question 2. If you answered NO, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

2. Do you find that StrikePoint Trading, LLC's client list was a trade secret at the time of the misappropriation?
   __X__ Yes _____ No

If you answered YES to question 2, then answer question 3. If you answered NO, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

3. Do you find that Aimee Sabolyk or John Mondragon solicited any of the clients on the client list?
   Aimee Sabolyk    __X__ Yes _____ No
   John Mondragon   _____ Yes __X__ No

If you answered YES for both defendants, then answer questions 4 and 5. If you answered NO for one defendant and YES for the other, then proceed to questions 4 and 5 but do not answer any further questions for the defendant for which you answered NO.

If your answer to question 3 is NO for both defendants, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

4. Do you find that any of the defendants misappropriated the client list by improperly using the client list?
   Aimee Sabolyk    __X__ Yes _____ No
   John Mondragon   _____ Yes _____ No
   GAA              __X__ Yes _____ No

Regardless of your answer to question 4, answer question 5.

5. Do you find that Aimee Sabolyk or John Mondragon misappropriated the client list by improperly disclosing the client list to GAA?
   Aimee Sabolyk    __X__ Yes _____ No
   John Mondragon   _____ Yes _____ No

If your answer to questions 4 and 5 is YES for any of the defendants, then proceed to question 6 only as to the defendants for which you answered YES. If your answer to questions 4 and 5 is NO for all of the defendants, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

6. Do you find that StrikePoint Trading, LLC was harmed by the misappropriation of its client list?

    Aimee Sabolyk     __X__ Yes _____ No

    John Mondragon     _____ Yes _____ No

    GAA     __X__ Yes _____ No

If your answer to question 6 is YES for any of the defendants, then proceed to question 7 only as to the defendants for which you answered YES.

If you answered NO for all of the defendants, then skip to question 9.

7. Do you find that the misappropriation of the client list was a substantial factor in causing harm to StrikePoint Trading, LLC?

    Aimee Sabolyk     _____ Yes __X__ No

    John Mondragon     _____ Yes _____ No

    GAA     _____ Yes __X__ No

If your answer to question 7 is YES for any of the defendants, then proceed to question 8 only as to the defendants for which you answered YES.

If you answered NO for all of the defendants, then skip to question 9.

8. What sum do you find to be StrikePoint Trading, LLC's damages resulting from the misappropriation of its client list?

    Aimee Sabolyk

    $_____

    John Mondragon

    $_____

    GAA

    $_____

Answer question 9.

9. Do you find that any of the defendants was unjustly enriched by the misappropriation of StrikePoint Trading, LLC's client list?

Aimee Sabolyk     ____ Yes __X__ No
John Mondragon    ____ Yes ____ No
GAA               ____ Yes __X__ No

If your answer to question 9 is YES for any of the defendants, then proceed to question 10 only as to the defendants for which you answered YES.

If you answered NO for all of the defendants, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

10. Do you find that the misappropriation of the client list was a substantial factor in causing the unjust enrichment?

Aimee Sabolyk     ____ Yes ____ No
John Mondragon    ____ Yes ____ No
GAA               ____ Yes ____ No

If your answer to question 10 is YES for any of the defendants, then proceed to question 11 only as to the defendants for which you answered YES.

If you answered NO for all of the defendants, stop here, answer no further questions on this verdict form, and have the presiding juror sign and date this form.

11. What sum do you find to be the unjust enrichment to those defendants found to have been unjustly enriched in question 10?

Aimee Sabolyk

$_____

John Mondragon

$_____

GAA

$_____

Dated: March 16, 2009

*Redacted signature on file with the Court*
Presiding Juror

It appearing by reason of above-said verdict that Plaintiff StrikePoint Trading, LLC is entitled to judgment against Defendant Aimee Elizabeth Sabolyk,

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff StrikePoint Trading, LLC have and recover from Defendant Aimee Elizabeth Sabolyk the sum of $102,300.00, with interest thereon at the rate of ten percent (10%) per annum from the date of entry of this judgment until paid, together with Plaintiff StrikePoint Trading, LLC's costs and disbursements in the amount of $17,000.00.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant John Matthew Mondragon is entitled to his costs and disbursements in the amount of $8,000.00.

Dated: August 29, 2011

_David O. Carter_
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

#101544 v1

9

JUDGMENT ON SPECIAL VERDICT AFTER JURY TRIAL